# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**MARY WESLEY**                                                                                                          **MOVANT**

**V.**                                                                                                          **NO.: 4:09CR49-SA**

**UNITED STATES OF AMERICA**                                                                             **RESPONDENT**

## ORDER DENYING MOTION TO RECALCULATE SENTENCE

This matter comes before the Court upon Mary Wesley's motion for a "Minor-role Amendment Reduction to 3B1.1," which the Court construes as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, or alternatively, as a motion to modify her sentence pursuant to 18 U.S.C. § 3582(c)(2). In the instant motion, Wesley maintains that her federal sentence should be recalculated with the benefit of the minor-role sentencing reduction found in Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G."), which took effect November 1, 2015.

### Background

Mary Wesley was charged in an eleven-count superseding indictment alleging that she and other co-conspirators conspired to and did prepare and submit fraudulent tax returns in violation of 18 U.S.C. § 371 and 26 U.S.C. § 7206(2). Wesley proceeded to trial on May 23, 2011, where she was convicted of one count of conspiring to defraud the Government and four counts of fraud and false statement. On December 20, 2011, Wesley was sentenced to a term of incarceration of 120 months and was ordered to pay restitution in the amount of $ 5,570,945. Wesley appealed her conviction to the Fifth Circuit, which affirmed the conviction and sentence in an order issued November 19, 2012. *United States v. Wesley,* 491 F. App'x 507, 2012 WL

5835257 (5th Cir. Nov. 19, 2012). On or about October 30, 2013, Wesley filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that this Court denied by judgment entered February 27, 2014. *See* Doc. #262. On or about February 2, 2017, Wesley filed the instant motion, arguing that her minor-role in her criminal offenses rendered her less culpable that the average participant, thereby entitling her to a sentence reduction pursuant to U.S.S.G. §3B1.2. *See* U.S.S.G. 3B1.2, app. n.3(C) ("[A] defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.").

**Analysis**

As previously noted, Wesley has already filed an unsuccessful motion under § 2255. The Antiterrorism and Effective Death Penalty Act requires that an applicant seeking to file a second or successive petition first have her motion certified by a panel of the appropriate court of appeals. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(A). Wesley has not obtained such certification to proceed in this Court, and this Court, therefore, does not have jurisdiction to consider the application until Wesley obtains an order authorizing her to file a successive petition.

Additionally, the Court notes that a motion filed under § 2255 must comply with the statute's one-year period of limitation, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). While Wesley asserts that Amendment 794 is retroactive, her claim is not based on a right newly recognized by the United States Supreme Court. Therefore, § 2255(f)(3) is inapplicable. Rather, because Wesley did not seek a petition for a writ of certiorari with the United States Supreme Court, the latest date Wesley's conviction became "final" was on February 18, 2013, ninety days after her judgment was affirmed by the Fifth Circuit.[1] *See United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016) (holding federal conviction becomes "final" for purposes of federal habeas review, when the Supreme Court affirms the conviction, denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires); *see also* S. Ct. R. 13 (allowing ninety days to file certiorari petition after entry of judgment). The current motion was filed almost four years beyond the deadline, and thus, it is untimely.[2]

Finally, to the extent that Wesley's motion for a retroactive sentence reduction under Amendment 794 may be construed as a motion arising under 18 U.S.C. § 3582(c)(2), she is still not entitled to relief, as the sentencing guidelines do not list Amendment 794 for retroactive effect. *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) ("[18 U.S.C.]

---

[1] Because the ninety-day period actually expired on February 17, 2013, a Sunday, the filing deadline was extended until the following Monday, February 18, 2013.

[2] The Court otherwise notes that even if the federal limitations period began to run on November 1, 2015, when Amendment 794 became effective, the one-year limitations period would have expired on November 1, 2016, months before Wesley filed the instant motion on February 2, 2017.

3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission.... The applicable policy statement is [Sentencing Guideline] § 1B1.10."); *Vergara v. United States*, 2016 WL 5717843, at *2–3 (W.D. Tex. Sept. 30, 2016) (finding "[t]he Sentencing Guidelines list all amendments eligible for retroactive effect. If an amendment is not listed, a retroactive sentence reduction is not authorized. The list does not include Amendment 794."); *see also United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016) (declining to decide whether Amendment 794 is retroactive). Accordingly, Wesley is not entitled to relief regardless of how the instant motion is construed, and Wesley's motion [265] is **DENIED**.

**SO ORDERED**, **THIS** the 9th day of March, 2017.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**